UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-54

STEVE TENNANT, *Individually*, and
JACLYN TENNANT, *Individually*,                                             PLAINTIFFS,

v.                                  **OPINION AND ORDER**

ALLSTATE INSURANCE COMPANY,                                              DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Summary Judgment (Rec. No. 14) of the Defendant, Allstate Insurance Co. ("Allstate"). For the following reasons, the Court DENIES the motion.

   **I.   FACTS.**

The Plaintiffs, Steve and Jaclyn Tennant (the "Tennants"), filed this Complaint on December 30, 2003. (Rec. No. 1, Notice of Removal, Complaint). They allege that they contracted with Allstate to insure their home and its contents. The limits of liability were $39,705 for the dwelling; $3,971 for other structures; and $19,853 for personal property protection and additional living expenses related to loss of use. *Id.* at ¶ 6. The policy was in effect on December 1, 2002 when the Tennants' house caught fire resulting in a total loss of the dwelling and all of its contents. *Id.* at ¶ 7. The Tennants filed a claim with Allstate on January 3, 2003 for $78,776. *Id.* at ¶ 8.

The Tennants allege that, on April 11, 2003, Allstate informed them that it had completed its investigation. *Id.* at ¶ 9. On August 11, 2003, Allstate informed the Tennants that it had rejected their claim except to pay their mortgagee in exchange for its

release and assignment of interest in an amount less than the policy limits on the dwelling. *Id.* at ¶ 10. The Tennants assert that, by rejecting the claim, Allstate breached its obligations under the policy.

The Tennants assert a common law bad faith claim against Allstate. *Id.* at ¶¶ 12-13. The Tennants also asserts statutory bad faith claims under the Kentucky Unfair Claims Settlement Practice Act ("KUCSPA"), KRS § 304.12-230, and the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.170. *Id.* at ¶¶ 14-22.[1] Allstate moves for summary judgment (Rec. No. 14) charging that the Tennants' Complaint is barred by the limitation clause contained in the policy.

## II. STANDARD ON MOTION FOR SUMMARY JUDGMENT.

Under Fed. R. Civ. P. 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the

---

[1] *See, e.g., Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 99 (Ky. 2000)(explaining that Kentucky recognizes two statutory bad faith causes of action premised upon violations of the KCPA and the KUCSPA).

non-movant's claim. *Id.* at 322-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there is no genuine issue of material fact. *Id.* However, at the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter. *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249). The Court is not to judge the evidence or make findings of fact. *60 Ivy*

*Street Corp.,* 822 F.2d at 1435-36. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III.     ANALYSIS.**

**A.     KRS § 304.14-370 Prohibits Limitation Periods of Less than One Year After Cause of Action Accrues.**

The policy provides that "[a]ny suit or action must be brought within one year after the inception of loss or damage." (Rec. No. 15, Mem. Supp. Mot. for Summ. J., Exhibit B, Policy, § I, ¶ 12). Allstate argues that the fire loss occurred on December 1, 2002 and that the Tennants' Complaint was filed on December 30, 2003. Because the filing of the Complaint occurred more than one year after the date of loss, Allstate argues, the Complaint is barred by the one-year limitation clause contained in the policy.

In their response, the Tennants argue that the policy's one-year limitation clause as applied to their statutory and common law bad faith claims violates KRS § 304.14-370[2] which provides the following:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period less than one (1) year from the time when the cause of action accrues.

Both sides agree that the issue before this Court is when the Tennants' causes of

---

[2] The Tennants have not argued that their bad faith claims are not subject to the one-year limitation period contained in the policy and the Court does not address that issue. *See, e.g.,Thomas v. Allstate Ins. Co,* 974 F.2d 706, 711(6th Cir. 1992)(stating that, under Ohio law, a bad faith tort claim is independent of the insurance contract and not subject to the limitation period contained in the policy).

4

action accrued. (Rec. No. 20, Allstate's Reply at 3). The Tennants argue that their causes of action for common law and statutory bad faith could not have accrued until Allstate denied their claim. Therefore, they argue, under KRS § 304.14-370, they have at least one year from the denial of their claim to file a bad faith action.

Allstate argues that the Tennants' bad faith claim accrued at the time of the loss rather than upon denial of the insurance claim. Accordingly, Allstate contends that the limitation clause, which permits suit to be filed for one year after a cause of action accrues, does not violate KRS § 304.14-370.

### B. Bad Faith Cause of Action does not Accrue until Denial.

A cause of action accrues when the last event necessary to create the cause of action occurs. *See, e.g., Combs v. International Ins. Co.*, 354 F.3d 568, 591 (6th Cir. 2004). The three required elements for all bad faith causes of action in Kentucky, whether premised on common law theory or a statutory violation, are:

> 1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000)(citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)).

Thus, the earliest a bad faith claim accrues is when an insurance company denies a claim. *See also Combs v. International Ins. Co.*, 163 F.Supp.2d 686, 696 (E.D. Ky. 2001), *aff'd*, *Combs v. International Ins. Co.*, 354 F.3d 568 (6th Cir. 2004). Accordingly, KRS § 304.14-370 prohibits an insurer from limiting the time for commencing a common

5

law bad faith action or statutory bad faith action under the KUCSPA or the KCPA to a period of less than one year from the time a claim is denied. Thus, when applied to bad faith claims, the one year limitation provision in the insurance policy, is inconsistent with KRS § 304.14-370.

### C. *Smith v. Allstate Insurance Co.*

In support of its argument that its limitation provision does not violate KRS § 304.14-370, Allstate cites to *Smith v. Allstate Insurance Co.*, 403 F.3d 401 (6th Cir. 2005). In that case, the district court held that the plaintiffs' breach of contract claims were barred by a limitation clause that, like the one at issue in this case, required suit to be brought within one year after the loss. *Id.* at 403. The district court granted Allstate summary judgment on the plaintiffs' claim that Allstate had breached the insurance contract by not paying the claims in full, finding that the claim was barred by the limitation clause. *Id.* at 404. The district court further held that the limitation clause was valid. *Id.*

In *Smith*, the plaintiffs also asserted a bad faith claim against Allstate. In a separate order, the district court granted summary judgment to Allstate on the bad faith claim asserted by the plaintiffs. *Id*. While in their Complaint, the plaintiffs had alleged that the denial of the insurance claims was in bad faith, at the hearing on Allstate's summary judgment motion, the plaintiffs "explained the basis for their bad faith claim" in terms of its having been "impossible to comply with the policy provision within the one-year limitations for filing suit." *Id.* at n.1.

The district court granted Allstate summary judgment on the bad faith claim on the grounds that "it would have been possible for the [plaintiffs] to comply with all of the

6

prerequisites for suit and still bring their action within one year of the loss." *Id*. The district court thus concluded that Allstate's invocation of the limitation provision did not constitute bad faith.

Thus, the district court dismissed the bad faith claim at issue in *Smith* on substantive grounds. It did not address the issue of whether the bad faith claim was barred under the limitation provision or whether the provision was valid under Kentucky law as applied to the bad faith claims and those issues were never addressed on appeal.[3]

The issue before this Court is not when a breach of contract claim accrues or whether the limitation provision is valid as applied to such actions. The issue before this Court is when a bad faith cause of action accrues and whether the limitation clause is valid as applied to bad faith claims.

This Court finds that a bad faith cause of action in which the allegation is that the insurance company *wrongfully denied* an insured's claim cannot accrue until denial of the claim. Under its plain language, KRS § 304.14-370 provides that a contractual limitation period limiting the time within which an insured may bring suit against a foreign insurer

---

[3] On appeal, the issue in *Smith* was when the plaintiff's breach of contract claim accrued – not when that bad faith claim accrued. Allstate argued the breach of contract claim accrued on the date of the fire. The plaintiffs argued that the breach of contract claim could not have accrued until they had complied with all the steps the policy required an insured to take before filing suit.

The Sixth Circuit recognized that, under the insurance contracts at issue, the plaintiffs "had no right to sue Allstate prior to 'full compliance with all policy terms.'" *Id.* at 405. The Sixth Circuit also recognized a "long line of Kentucky cases holding in a variety of contexts that a cause of action does not accrue until the plaintiff has the right to institute and maintain a suit." *Id*. Nevertheless the Court determined that those cases were not controlling because "Kentucky courts have repeatedly enforced insurance contract provisions under which the time for suit began to run before the insured had a right to sue." *Id*. "Under Kentucky law, it appears, a cause of action for breach of an insurance contract may 'accrue,' in some sense before the claimant is entitled to sue." *Id*. Thus, presumably, the *Smith* Court determined that the cause of action for breach of an insurance contract accrues at the time of the loss and that, therefore, the one-year limitation provision was valid under KRS § 304.14-370 as applied to the breach of contract action.

may not be "less than one (1) year from the time when the cause of action accrues." Accordingly, Allstate's limitation clause that purports to limit the time for filing a bad faith claim to less than a year after denial, i.e, a year from the loss, is inconsistent with KRS § 304.14-370 when applied to bad faith claims.

### IV.  CONCLUSION.

For all the above reasons, it is hereby Ordered that the Motion for Summary Judgment is DENIED.

In addition to regular service by mail, a copy of this Opinion and Order shall be transmitted forthwith to counsel of record by facsimile or by electronic filing.

This the 4th day of October, 2005.

**Signed By:**
*Karen K. Caldwell*  KKC
**United States District Judge**