UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-54

STEVE TENNANT, *Individually*, and
JACLYN TENNANT, *Individually*,                                     PLAINTIFFS,

v.                                    **OPINION AND ORDER**

ALLSTATE INSURANCE COMPANY,                              DEFENDANT.

* * * * * * * * * *

This matter is before the Court on the Motion to Alter, Amend or Vacate Order

(Rec. No. 30) filed by the Defendant, Allstate Insurance Co. ("Allstate").  For the

following reasons, the Court DENIES the motion.

**I.     FACTS.**

The Plaintiffs, Steve and Jaclyn Tennant (the "Tennants"),  filed this Complaint

on December 30, 2003. (Rec. No. 1, Notice of Removal, Complaint). They allege that they

contracted with Allstate to insure their home and its contents. The limits of liability were

$39,705 for the dwelling; $3,971 for other structures; and $19,853 for personal property

protection and additional living expenses related to loss of use.  *Id.* at ¶ 6.  The policy was

in effect on December 1, 2002 when the Tennants' house caught fire resulting in a total

loss of the dwelling and all of its contents. *Id.* at ¶ 7. The Tennants filed a claim with

Allstate on January 3, 2003 for $78,776. *Id.* at ¶ 8.

The Tennants allege that, on April 11, 2003, Allstate informed them that it had

completed its investigation. *Id.* at ¶ 9.  On August 11, 2003, Allstate informed the

Tennants that it had rejected their claim  except to pay their mortgagee in exchange for its

release and assignment of interest in an amount less than the policy limits on the dwelling. *Id.* at ¶ 10. The Tennants assert that, by rejecting the claim, Allstate breached its obligations under the policy. *Id.* at ¶ 11.

In their Complaint, the Tennants assert tortious and contractual bad faith claims against Allstate. *Id.* at ¶¶ 12-13. The Tennants also assert statutory bad faith claims under the Kentucky Unfair Claims Settlement Practice Act ("KUCSPA"), KRS § 304.12-230, and the Kentucky Consumer Protection Act ("KCPA"), KRS § 367.170. *Id.* at ¶¶ 14-22.[1] Allstate moved for summary judgment (Rec. No. 14) charging that the Tennants' Complaint is barred by the limitation clause contained in the policy.

The policy provides that "[a]ny suit or action must be brought within one year after the inception of loss or damage." (Rec. No. 15, Mem. Supp. Mot. for Summ. J., Exhibit B, Policy, pp. 24-25, ¶ 12). In its Motion for Summary Judgment, Allstate argued that the fire loss occurred on December 1, 2002 and that the Tennants' Complaint was filed on December 30, 2003. Because the filing of the Complaint occurred more than one year after the date of loss, Allstate argued, the Complaint is barred by the one-year limitation clause contained in the policy.

In their response, the Tennants argued that the policy's one-year limitation clause as applied to their statutory and common law bad faith claims violates KRS § 304.14-370[2]

---

[1] *See, e.g., Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 99 (Ky. 2000)(explaining that Kentucky recognizes two statutory bad faith causes of action premised upon violations of the KCPA and the KUCSPA).

[2] The Tennants have not argued that their bad faith claims are not subject to the one-year limitation period contained in the policy and the Court did not address that issue in ruling on the Motion for Summary Judgment. *See, e.g., Thomas v. Allstate Ins. Co,* 974 F.2d 706, 711(6th Cir. 1992)(stating that, under Ohio law, a bad faith tort claim is independent of the insurance contract and not subject to the limitation period

which provides the following:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period less than one (1) year from the time when the cause of action accrues.

Both sides agreed that the issue before the Court on the Motion for Summary Judgment was when the Tennants' causes of action accrued. (Rec. No. 20, Allstate's Reply at 3). The Tennants argued that their causes of action for bad faith could not have accrued until Allstate denied their claim. Therefore, they argue, under KRS § 304.14-370, they have at least one year from the denial of their claim to file a bad faith action.

Allstate argued that the Tennants' bad faith claim accrued at the time of the loss rather than upon denial of the insurance claim. Accordingly, Allstate contends that the limitation clause, which permits suit to be filed for one year after a cause of action accrues, does not violate KRS § 304.14-370.

In an Opinion and Order dated October 4, 2005, this Court ruled that, because a cause of action accrues when the last event necessary to create the cause of action occurs, a bad faith cause of action in which the allegation is that the insurance company *wrongfully denied* an insured's claim cannot accrue until denial of the claim. *See Combs v. International Ins. Co.*, 163 F.Supp.2d 686, 696 (E.D. Ky. 2001), *aff'd*, *Combs v. International Ins. Co.*, 354 F.3d 568 (6th Cir. 2004). Accordingly, the Court ruled that KRS § 304.14-370 prohibits an insurer from limiting the time for commencing such a bad faith action to a period of less than one year from the time a claim is denied. Thus, when

---

contained in the policy).

3

applied to the Tennants' bad faith claims, the one year limitation provision in the insurance policy is inconsistent with KRS § 304.14-370. Accordingly, the Court then denied Allstate's Motion for Summary Judgment which relied solely on the argument that any action against Allstate was time-barred.

Allstate then filed this Motion to Alter, Amend or Vacate the Order pursuant to Federal Rule of Civil Procedure 59(e). In their current motion, Allstate argues that the Court erred 1) in construing Allstate's Motion for Summary Judgment as pertaining only to the Tennants' statutory and tortious bad faith claims and not a claim that Allstate breached the express provisions of the contract; 2) in denying Allstate's Motion for Summary Judgment on the bad faith claims because such claims are time-barred pursuant to *Smith v. Allstate Insurance Co.*, 403 F.3d 401 (6th Cir. 2005); 3) in denying Allstate's Motion for Summary Judgment on the bad faith claims because it cannot be liable for bad faith since any claim that Allstate breached the express provisions of the contract is time-barred; and 4) in denying Allstate's Motion for Summary Judgment on the bad faith claim because the Tennants' claim is "fairly debatable."

## II.     STANDARD ON RULE 59 MOTION.

Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment. Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice. *Javetz. Board of Control, Grand Valley St. Univ.*, 903 F.Supp.1181, 1190 (W.D. Mich. 1995).

III.    ANALYSIS.

A.      The Breach of Contract Claim.

    1)      The Tennants Assert a Contractual Bad Faith Claim.

In their Complaint, the Tennants asserted the following claims against Allstate: 1) a claim that Allstate breached the  implied covenant of good faith and fair dealing in the homeowner's policy (Rec. No. 1, Notice of Removal, Complaint ¶ 12); 2) a tortious bad faith claim (Rec. No. 1, Notice of Removal, Complaint ¶ 13); statutory bad faith claims under KUCSPA, (Rec. No. 1, Notice of Removal, Complaint ¶¶ 14-16), and the KCPA (Rec. No. 1, Notice of Removal, Complaint ¶¶ 17-22); and a state law fraud claim (Rec. No. 1, Notice of Removal, Complaint ¶¶ 23- 26).

Thus, in their Complaint, the Tennants assert a claim that Allstate breached the implied covenant of good faith and fair dealing but do not  assert a claim that Allstate breached the express terms of the policy.  Any such claim would be time-barred pursuant to *Smith v. Allstate Insurance Co.*, 403 F.3d 401 (6th Cir. 2005).  As will be explained further below, in *Smith*, the Sixth Circuit determined that a contractual limitations provision like the one at issue here was valid as applied to a claim that an insurance company breached the express terms of the policy.

    2)      The Contractual Bad Faith Claim Accrued at Denial.

As to the Tennants' claim that Allstate breached the implied covenant of good faith and fair dealing contained in the policy, this claim is rooted in the principle codified under Kentucky law that, within every contract, exists "an obligation of good faith in its performance or enforcement."  KRS § 355.1-203.  This implied covenant "imposes a duty

to act in a 'bona fide' manner, defined by Kentucky law as being in or with good faith, honesty, openly and sincerely; without deceit or fraud. . . .Truly; actually; without simulation or pretense. Innocently; in the attitude of trust and confidence; without notice of fraud, etc. Real, actual, genuine and not feigned." *Combs*, 163 F.Supp.2d at 696 (quotations and citations omitted).

In its October 4, 2005 Opinion and Order (Rec. No. 28) on Allstate's Motion for Summary Judgment, the Court held that the bad faith claims accrued at denial and not at the loss. This is because a claim cannot accrue until the last even necessary to create the cause of action occurs. *Combs v. International Ins. Co.*, 354 F.3d 568, 591 (6th Cir. 2004). Obviously, with a bad faith claim such as the Tennants' in which the allegation is that the insurance company *wrongfully denied* an insured's claim, the claim cannot accrue until the denial.

To the extent that Allstate argues in its Rule 59 motion that this Court should have analyzed the contractual bad faith claim differently than the Tennants' tortious or statutory bad faith claims for purposes of determining if the contractual limitations provision is valid, there is no basis in law for such a distinction. Under Kentucky law, a breach of the covenant of good faith and fair dealing gives rise to a contract action and, at least where a special relationship exists between the parties such as that between an insurer and an insured, a tort action for bad faith. *See Ennes v. H&R Block E.Tax Servs.*, 2002 WL 226345 at *2-3 (W.D. Ky. 2002); *Davidson v. American Freightways, Inc.*, 25 S.W. 3d 94, 102 (Ky. 2000).

The crucial difference between contractual and tortious bad faith claims is the

6

remedy. *Curry v. Fireman's Fund Insurance Co.*, 784 S.W.2d 176, 178 (Ky. 1989). Under Kentucky law, punitive damages cannot be awarded in a contract action and the plaintiff is limited to recovering the amounts agreed to be paid under the policy. KRS § 411.184(4); *Deaton v. Allstate Insurance Co.*, 548 S.W.2d 162, 164 (Ky. App. 1977). Where a special relationship exists between the parties, however, permitting a bad faith tort action, the plaintiff may be awarded both punitive and compensatory damages. *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 410 (6th Cir. 2005)(citing *Curry v. Fireman's Fund Ins. Co.*, 784 S.W.2d 176, 178 (Ky. 1989)).

As to when the various bad faith claims accrued, however, the Tennants' contractual, statutory and bad faith claims all arise from Allstate's denial of the Tennants' claim for insurance coverage. In fact, though Allstate has not asked for such relief, it would appear that the contractual bad faith claim should be dismissed as redundant to the tortious or statutory bad faith claim. Regardless, however, for the reasons stated here and in the Court's October 4, 2005 Opinion and Order, a bad faith claim based upon Allstate's denial of the Tennants' claim– whether contractual, statutory or tortious – could not have accrued until Allstate denied the claims. Thus, the limitations provision at issue here is invalid under KRS § 304.14-370 as applied to all of the Tennants' bad faith claims.

**B.      *Smith v. Allstate Insurance Company.***

In its Rule 59 motion, Allstate argues that the Court should have found that the Tennants' bad  faith claim is time barred pursuant to *Smith v. Allstate Insurance Co.*, 403 F.3d 401 (6th Cir. 2005). Allstate argues that, pursuant to *Smith*, this Court should have found that the Tennants' bad faith claims accrue at the loss instead of at denial.

7

In *Smith*, the plaintiffs (the "Smiths") purchased homeowner's and landlord's insurance policies covering their residence and adjacent rental property. *Id*. at 402-03. The policies were issued by Allstate. *Id.* at 403. The policies required that the insureds take the following steps after a loss:

    1)    give Allstate prompt notice, produce all records reasonably requested by Allstate and submit to an examination under oath if requested; and

    2)    within 60 days after the loss, submit a proof-of-loss statement.

*Id*.

The policy prohibited any suit against Allstate, "unless there has been full compliance with all policy terms." *Id*. The policy also required that any suit be brought "within one year after the inception of loss or damage." *Id*.

The Smiths' insured properties were damaged by a fire on April 17, 2000. *Id.* The Smiths notified Allstate as required under the policy. Allstate requested the proof-of-loss form by July 13, 2000, a date almost four weeks after the form was required under the policies. The parties also agreed that the Smiths would be examined on that date. *Id.* For various reasons, the Smiths did not give their proof-of-loss statements to Allstate until September 15, 2000 and the examinations of the Smiths were not completed until December 26, 2000. *Id.* Allstate denied the Smith's claim in September, 2001. *Id.* at 404.

The Smiths filed a complaint against Allstate on January 22, 2002. This was more than one year and nine months after the loss. *Id.* The Smiths asserted 1) a breach of contract claim on the basis that Allstate had not paid the claim in full; and 2) a bad faith claim. *Id.* The Sixth Circuit specifically noted that, while the Smith's complaint had alleged that the basis of their bad faith claim was the denial of the claim, at a hearing on

Allstate's motion for summary judgment, the Smiths explained that the basis for their bad faith claim was that it was "impossible to comply with the policy provisions within the one-year limitations period for filing suit." *Id*. at 404 n.1.

The district court granted Allstate summary judgment on the Smiths' claim that the company breached the contract by not paying the claims in full, finding that the one-year limitations provision was valid. *Id*. at 404. In a separate order, the district court granted summary judgment to Allstate on the bad faith claim, finding that it would have been possible for the Smiths to comply with all of the prerequisites for suit and still bring their action within one year of the loss. Thus, the district court concluded, Allstate's invocation of the limitations provision did not constitute bad faith. *Id*.

The Sixth Circuit agreed that the limitations provisions in the policies were valid under Kentucky law and were enforceable against the Smiths *"in the circumstances presented here*." *Id*. at 402 (emphasis added). In reaching this decision, the Court recognized that the logic of KRS § 304.14-370 "would seem to be that Allstate's one-year limitation period is not valid unless, as a matter of law, an insured's cause of action accrues on the date of his or her loss." *Id.* at 404-05. The Court then cited to a "long line of Kentucky cases" holding that a "cause of action does not accrue until the plaintiff has the right to institute and maintain a suit." *Id*. at 405.

Next, however, the Sixth Circuit cited to *Ashland Finance Co. v. Hartford Accident & Indemnity Co.*, 474 S.W.2d 364 (Ky. 1971) ); *Edmonson v. Pennsylvania National Mutual Casualty Ins. Co.*, 781 S.W.2d 753 (Ky. 1989); *Hale v. Blue Cross & Blue Shield of Kentucky*, 862 S.W.2d 905 (Ky. App. 1993); and *Webb v. Kentucky Farm Bureau*

9

*Insurance Co.*, 577 S.W.2d 17 (Ky. App. 1978) as support for the proposition that, "a cause of action on an insurance policy can accrue, under Kentucky law, before maturation of the insured's right to sue," *Id.* at 405 & n.3;  and that "a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue." *Id.* at 405.

        After citing to these four Kentucky cases, the Sixth Circuit stated, "[w]e conclude that the limitations provision requiring the Smiths to sue Allstate within one year of their loss, while prohibiting suit during a portion of that year, is not inconsistent with [KRS § 304.14-370]." *Id.*

        *Ashland Finance*, *Webb*, *Edmonson* and *Hale* certainly make clear that – leaving aside the prohibition applicable to foreign insurers contained in KRS § 304.14-370 – an insurance company can require that an insured sue within 12 months of a loss even though, under the common law, the cause of action would not accrue until after the loss.  The critical issue before this Court, however, is whether such a provision is valid under KRS § 304.14-370.  Neither *Ashland Finance*, *Webb*, *Edmonson* nor *Hale* addresses this issue.[3]

_____

        [3]  In *Ashland Finance Co. v. Hartford Accident & Indemnity Co.*, 474 S.W.2d 364 (Ky. 1971), the limitations provision at issue provided that suit had to be brought within one year of discovery of the loss. Under the policy, the insured could not file suit until three months after furnishing the proof of loss. The issue was whether the one-year limitations provision should be construed as running from the expiration of the three-month "no-suit period" or from the discovery of the loss. *Id.* at 365. The court held that the plain language of the limitation provision should control. *Id.* at 366. The conduct at issue in *Ashland* occurred before KRS § 304.14-370 became effective and neither the statute nor the validity of the limitations provision under the statute is discussed.

        In *Webb v. Kentucky Farm Bureau Insurance Co.*, 577 S.W.2d 17 (Ky. App. 1978), the court held that contractual limitations periods are valid. The issue was whether a contractual limitations provision that conflicts with the statutory limitations period is valid. *Id.* at 17. Because the defendant was a Kentucky corporation, KRS § 304.14-370 did not apply and was only mentioned as evidence that Kentucky statues permit contractual limitations provisions, the Court noting that the statute permits "foreign insurers to limit actions against them to one year." *Id.* at 18. Thus, again, this case does not discuss the issue before this Court of whether a limitations provision is valid under KRS § 304.14-370

        In *Edmonson v. Pennsylvania National Mutual Casualty Ins.Co.*, 781 S.W.2d 753 (Ky. 1989), the

In their Rule 59 Motion, Allstate argues that, in ruling on the Motion for Summary Judgment, this Court "placed great importance upon the theory that a bad faith claim does not accrue until an insurance company denies a claim." (Rec. No. 31, Rule 59 Motion at 9). The Court's focus on when a bad faith cause of action accrues, however, is necessitated by the language of KRS § 304.14-370 which prohibits a limitations provision of less than one year "from the time when the cause of action accrues." Hence, both this Court and Allstate agreed that the crucial issue on Allstate's Motion for Summary Judgment was when the bad faith cause of action accrued. (Rec. No. 20, Reply at 3).

In its Rule 59 motion, however, Allstate appears to argue that this Court should no longer focus on when the bad faith cause of action accrues. Allstate recognizes that, "under principles of general contract law, a claim for breach of contract on an insurance policy also does not accrue until a claim for payment is denied, as a cause of action for breach cannot accrue until the contract is actually breached. . . Thus, presumably in *Smith*, the insureds' cause of action for breach of contract did not accrue until their claim was denied in September, 2001, and thus their lawsuit would have been timely filed. " (Rec. No. 31,

---

policy provision again required than any suit commence within one year after the loss. The court stated that, under Kentucky law, contractual limitations periods are valid and, thus, "there is no question in this case as to the validity of the limitation provided in the conditions of the policy. . . . " *Id.* at 756. The issue there was whether under the principles of waiver or estoppel the insurer was precluded from asserting the contractual limitation period. *Id* at 755. Again, that case did not discuss KRS § 304.14-370 or the validity of the limitations provision under that statute.

Finally, in *Hale v. Blue Cross & Blue Shield of Kentucky, Inc.*, 862 S.W.2d 905 (Ky. App. 1993), the limitations provision required that any action be brought within one year of the time the claim was filed. The plaintiff argued that the one-year limitation period was impermissibly short. As with *Webb*, in *Hale*, the defendant insurance company was a Kentucky corporation. Accordingly, KRS § 304.14-370 did not apply. The statute was mentioned only as evidence that a one-year contractual limitations provision is reasonable, the court noting that the statute permits foreign insurers to limit actions against them to one year. *Id.* at 907. Thus, again, this case against does not deal with the issue before this Court of whether a particular contractual limitations provision violates KRS § 304.14-370

Mem. at 9). Nevertheless, Allstate argues, "the *Smith* Court had no difficulty finding that a cause of action for breach of contract accrued on the date of loss.  This is so, even though the insureds, as of the day of loss, had not yet even submitted a claim for payment to their insurer." (Rec. No. 31, Mem. at 9).

The problem, however, is that it is unclear to this Court how the Sixth Circuit arrived at the conclusion that the limitation provision in that case did not violate KRS § 304.14-370 as applied to the breach contract claim at issue. The Sixth Circuit may have reasoned that the claim accrued at the loss instead of the breach. This, however, would be contrary to the principles of general contract law that Allstate recognizes in its pleadings. Further, the Sixth Circuit does not explicitly state this.  Moreover, such a holding would not resolve the issue before this Court which is when a bad faith cause of action accrues.

Alternatively, the Sixth Circuit may have determined that, with the limitations provision, the parties implicitly altered when the breach of contract cause of action at issue accrued.  The policy at issue in that case, however, did not explicitly state this.  Moreover, the Sixth Circuit does not explicitly state this holding.  No Kentucky state court has held that, in order to comply with KRS § 304.14-370, the parties may simply agree to alter when a cause of action accrues under the common law.

Further, as explained, none of the Kentucky cases the Sixth Circuit cites to in arriving at its conclusion deals with the issue of whether a limitations provision is valid under  KRS § 304.14-370.  Accordingly, neither *Smith* nor the Kentucky cases it relies upon provide this Court with a rationale for finding that the limitations provision is valid under KRS § 304.14-370 as applied to a bad faith claim.

The language of KRS § 304.14-370 is clear and unambiguous. It prevents a foreign insurer from limiting the time for filing an against it to a period of less than one year after the cause of action accrues. It is equally clear that a bad faith action such as the one at issue here that is based on the insurer's denial of a claim, cannot accrue until the time of denial. Accordingly, pursuant to the plain language of KRS § 304.14-370, a foreign insurer cannot limit the time for filing a bad faith action to a period of less than one year after the denial of the claim. Thus, the contractual limitations provision at issue here is invalid under KRS § 304.14-370 as applied to the Tennants' statutory, contractual and tortious bad faith claims. [4]

**C.    Whether a Bad Faith Claim fails where Breach of Contract Claim is Time-Barred.**

Next, Allstate argues that the bad faith claim must fail because it requires proof that the insurer was obligated to pay the claim under the terms of the policy. Because the breach of contract claim is time-barred under *Smith*, Allstate argues, the Tennants' claim for bad faith must fail. The Court notes that Allstate did not make this argument in their Motion for Summary Judgment and makes this argument for the first time in its Rule 59 motion. Accordingly, this argument must fail as improper in a Rule 59 motion. Further, as a matter of law, this argument fails on its merits.

---

[4]   For their statutory bad faith cause of action under UCSPA, the Tennants assert that Allstate (1) failed to deny coverage within a reasonable time after proof of loss statements were completed; (2) failed in good faith to settle the claims after liability became reasonably clear; (3) failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (4) refused to pay the claim without a reasonable and impartial investigation; (5) failed to acknowledge and act reasonably promptly upon communications regarding the claim; (6) compelled the plaintiffs to initiate litigation to recover amounts due under the policy; (7) attempted to settle for less than a reasonable amount; and (8) failed to provide a reasonable explanation of the basis for denial of the plaintiff's claims. Whether or not all of these claims accrued at denial, they necessarily accrued some time after the loss.

Allstate cites to *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000) in which the Kentucky Supreme Court stated that, absent a contractual obligation, there is no bad faith cause of action, either at common law or by statute.  *Id*. at 100. Here, however, there has been no determination that Allstate was not contractually obligated to pay the Tennants' claim.  Instead, there has only been a determination that any claim that Allstate breached its express contractual obligation to pay for the Tennants' loss is time-barred pursuant to *Smith*.

In *Davidson*, the plaintiffs  asserted a bad faith claim against the defendant who was not the insurance company and had not entered into any contract at all with the plaintiffs. *Id*. at 100. Thus, it was clear that the defendant never had any contractual obligation to pay the plaintiffs and the Kentucky Supreme Court ruled that any bad faith claim against the defendant must therefore fail.  *Id*. at 102.

More recently, in *Kentucky National Insurance Co. v. Shaffer*, 155 S.W.3d 738 (Ky. App. 2004), the plaintiffs asserted a bad faith claim against an insurance company and, as the Court of Appeals expressly noted, "all parties and experts in this matter agree that an exclusion applied" in the insurance policy and that "there was never any actual coverage under the policy" for the automobile accident at issue.  *Id.* at 741.

Thus, in *Davidson* and *Kentucky National*, it would have been impossible for the plaintiffs to establish the first element of a bad faith claim:  that the insurer was obligated to pay the claim under the terms of the policy. *Davidson*, 25 S.W.3d at 100.  Here, in contrast, there is an insurance policy and there has been no finding that Allstate was not obligated to pay the Tennants' claim under the express provisions of the policy.  A finding

that the claim is now time barred does not preclude the Tennants from arguing that Allstate indeed 1) had an obligation to pay the claims under the terms of the policy; 2) denied the claim without a reasonable basis; and 3) either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed. *Davidson*, 25 S.W.3d at 100. *See The Frog, Switch & Manufacturing Co. v. The Travelers Insurance Co.*, 193 F.3d 742, 751 n.9 (3rd Cir. 1999).

**D.    Whether the Tennants' Bad Faith Claim should be Dismissed because their Policy Claim is "Fairly Debatable."**

Finally, in their Rule 59 motion, the Tennants argue that the Court should dismiss the Tennants' bad faith claim because the claim is "fairly debatable." Again, Allstate makes this argument for the first time in its Rule 59 motion. This argument was never presented in Allstate's pleadings on its Motion for Summary Judgment. Further, the argument depends upon the resolution of factual issues that the Tennants have not addressed as they were not raised on the Motion for Summary Judgment. Accordingly, this argument must fail as improper in a Rule 59 motion.

**IV.    CONCLUSION.**

For all the above reasons, Allstate's Motion to Alter, Amend or Vacate (Rec. No. 30) the Court's Opinion and Order dated October 4, 2005 denying Allstate's Motion for Summary Judgment is DENIED.

Dated this 10th day of February, 2006.



**Signed By:**

**_Karen K. Caldwell_**   *KKC*

**United States District Judge**